IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FILO SEDILLO in his capacity as | § | |
| trustee of the Filo and Fran Sedillo | § | |
| Revocable Trust, on behalf of the | § | |
| Filo and Fran Sedillo Revocable Trust, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:20-CV-1628-D |
| | § | |
| VS. | § | |
| | § | |
| TEAM TECHNOLOGIES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants Team Technologies, Inc. ("Team") and Robert Sachs ("Sachs") move to dismiss for lack of personal jurisdiction and venue, or for the alternative relief of transferring venue, and to dismiss various counts of plaintiff's first amended complaint for failure to state a claim. Defendants also move to stay discovery pending a ruling on their motion to dismiss. Plaintiff Filo Sedillo, in his capacity as trustee of the Filo and Fran Sedillo Revocable Trust, on behalf of the Filo and Fran Sedillo Revocable Trust ("Sedillo"), moves for jurisdictional and venue discovery and to stay briefing on defendants' motion to dismiss. Sedillo also moves separately to extend the deadline to respond to defendants' motion to dismiss.[1] For the reasons that follow, the court

_____

[1] Sedillo filed his motion to extend the deadline for his response to defendants' motion to dismiss on August 25, 2020. In an order filed the same day, the court stayed Sedillo's obligation to respond to the motion to dismiss pending a ruling on Sedillo's motion to extend the deadline to respond to the motion to dismiss. The court today grants Sedillo's motion in

denies Sedillo's motion to conduct jurisdictional and venue discovery and to stay briefing on defendants' motion to dismiss, grants in part his separate motion to extend the deadline to respond to defendants' motion to dismiss, and denies defendants' motion to stay discovery pending a ruling on their motion to dismiss.

I

Sedillo sues Team and Sachs, alleging these claims: breach of contract; fraudulent misrepresentation; fraud by non-disclosure; statutory fraud, in violation of Tex. Bus. & Com. Code Ann. § 27.01; fraudulent inducement; string along fraud; and negligent misrepresentation.[2]   Sedillo's claims arise from a loan agreement with Team and the negotiations and discussions that resulted in the loan.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue, or, in the alternative, to transfer for improper venue.  Sedillo moves for jurisdictional and venue discovery on the negotiation of the loan agreement and defendants' solicitation of investment.

II

A

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery.  *Wyatt v. Kaplan*, 686 F.2d 276, 283-84 (5th Cir. 1982).  To be

---

part, lifts the stay, and in § IV of this memorandum opinion and order sets the deadline for Sedillo to respond to defendants' motion to dismiss.

[2]It is unclear which claims Sedillo asserts against which defendant.

entitled to this relief, the party seeking discovery must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). "'[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact.' 'When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (ellipses and citation omitted). "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (McBryde, J.) (citing *Kelly*, 213 F.3d at 855). A court can deny leave to conduct jurisdictional discovery when the movant fails to specify the facts he believes discovery would uncover and how these facts would support personal jurisdiction. *See id.*; *see also King v. Hawgwild Air, LLC*, 2008 WL 2620099, at *8 (N.D. Tex. June 27, 2008) (Lindsay, J.).

B

The court concludes that Sedillo has not shown that jurisdictional discovery is warranted because he has not made a "preliminary showing of jurisdiction," *Fielding*, 415 F.3d at 429, and he has failed to specify the facts that he believes discovery would uncover and how these facts would support personal jurisdiction, *see Mello Hielo Ice*, 2012 WL 104980, at *7.

Sedillo can establish specific personal jurisdiction over a nonresident defendant by

- 3 -

showing, *inter alia*, that the defendant "'purposefully directed' [its] activities at residents of the forum, and the litigation [resulted] from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Sedillo asks the court to allow him to serve five interrogatories and five requests for production and to take one deposition. But he does not propose specific discovery requests or identify the proposed deponent. Instead, Sedillo states two topics he would explore with discovery: (1) the negotiation of the loan agreement, and (2) solicitation of investment into Team's ozone technology. Sedillo supports his motion at this level of generality:

> [t]hrough this discovery, Plaintiff anticipates discovering information showing that Robert Sachs, the CEO of Defendant, knowingly solicited business and investment from Texas citizens in Texas. Plaintiff expects that the discovery will show that the operative loan agreement arose out of those knowing solicitations to Texas citizens. Specifically, the discovery would likely show that Mr. Sachs knew Plaintiff was a Texas citizen while Plaintiff was in Dallas, Texas and that Plaintiff would act on Mr. Sachs's representations while Plaintiff was in Texas.

P. Mot. Jurisdictional Discovery 8.

Defendants respond that Sedillo has not sufficiently stated what discovery he seeks and how such information supports this court's jurisdiction. They posit that information regarding their interactions with other potential investors in Texas does not inform the jurisdictional analysis because Sedillo's claims arise from its interactions with Team and Sachs, not from interactions with other potential investors. To the extent that Sedillo seeks

information regarding the negotiation of the loan agreement in Texas, defendants maintain that Sedillo is in possession of that information as a party to the agreement.

The court concludes that Sedillo has failed to identify any information that bears on defendants' contacts with the state of Texas that give rise to this action.  And because Sedillo is a party to the loan agreement, he should have personal knowledge of the negotiation process. To the extent Sedillo seeks information related to solicitation by Team or Sachs of other potential investors in Texas, the present litigation does not "arise out of or relate to" such solicitation.  *See Archer & White*, 2003 WL 22456806, at *2.

Because Sedillo has failed to make the necessary preliminary showing of jurisdiction and to specify the facts that he believes discovery would uncover and how these facts would support personal jurisdiction, the court denies his motion.

## C

Sedillo also requests in his discovery motion that the court stay briefing on defendants' motion to dismiss.  The premise for this request is that he should be allowed to cite the jurisdictional and venue facts learned through discovery before responding to defendants' motion to dismiss.   Because the court is denying Sedillo's motion for jurisdictional and venue discovery, it denies his request to stay the deadline to respond to defendants' motion to dismiss.[3]

_____

[3]The court is, however, granting in part Sedillo's separate motion to extend the deadline for his response to defendants' motion to dismiss.  *See infra* § IV.

- 5 -

III

Defendants move to stay discovery pending a ruling on their motion to dismiss. They maintain that any discovery requests would be overly broad and unduly burdensome because they are not subject to this court's jurisdiction and that resolution of the motion to dismiss will resolve the entire action. Sedillo responds that there is not good cause to stay all discovery and that, at a minimum, the court should allow jurisdictional discovery to proceed.

"The Court 'has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending." *Reich Album & Plunkett, L.L.C. v. Wheat, Opperman & Meeks, P.C.*, 2007 WL 1655677, at *3 (E.D. La. June 4, 2007) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). "Such a stay is not, however, automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (Fitzwater, J.) (citations and internal quotation marks omitted).

The court in its discretion denies defendants' motion to stay discovery. Without suggesting a view on the merits of the pending motion to dismiss, defendants have not demonstrated that all discovery should be interdicted. Under the circumstances of this case, including the scheduling of a reasonably prompt ruling on the motion to dismiss, the court concludes that decisions about whether to permit specific discovery should be made in the contexts in which they arise.

IV

Sedillo filed on August 25, 2020 a separate motion to extend the deadline for his response to defendants' motion to dismiss. Given the nature of the relief requested, the

- 6 -

court's discretion in deciding such a motion, and the relief granted today, the court grants the motion in part without awaiting an opposition response.

Accordingly, Sedillo must respond to defendants' motion to dismiss no later than September 21, 2020.[4]  The motion is otherwise denied.

\* \* \*

The court denies Sedillo's August 10, 2020 motion to conduct jurisdictional and venue discovery, grants in part Sedillo's August 25, 2020 motion to extend the deadline for his response to defendants' motion to dismiss, and denies defendants' August 3, 2020 motion to stay discovery.

**SO ORDERED**.

September 9, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[4]Sedillo actually requests, in part, an extension of 10 days after the court rules on the pending discovery motions.  But since a deadline of 10 days from today falls on a Saturday, the court is setting the deadline as the next business day thereafter, which is Monday, September 21, 2020.